[Civ. No. 43260. First Dist., Div. Two. June 15, 1978.]

ANDREW PARNES et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
GLENN S. DUMKE, as Chancellor, etc., et al., Real Parties in Interest.

**COUNSEL**

Greene, Kelley & Tobriner and John P. Kelley for Petitioners.

No appearance for Respondent.

Evelle J. Younger, Attorney General, and Matthew P. Boyle, Deputy Attorney General, for Real Parties in Interest.

## OPINION

KANE, J.—This matter comes to us with directions from the Supreme Court to issue an alternative writ of mandate. Petitioners are three former faculty members of the California State University, San Jose, who are plaintiffs in two consolidated actions brought against real parties, defendants in the actions. In their complaints, petitioners allege that they were denied tenure and/or retention in retaliation for exercising protected First Amendment rights, i.e., for opposing the election of their department chairman. Petitioners seek mandate after the trial court denied a motion to reconsider its prior orders denying their motions for discovery and to compel answers to questions propounded at a deposition. Petitioners contend that the trial court has violated the principles enunciated in *Shepherd* v. *Superior Court* (1976) 17 Cal.3d 107 [130 Cal.Rptr. 257, 550 P.2d 161]. We issued an alternative writ to consider petitioners' contentions, and we agree that the matter must be remanded to the trial court to comply with the principles of *Shepherd.*

Petitioners, in their motions, sought to discover documents submitted to an academic senate committee which conducted an investigation of personnel procedures at the university and personnel documents which they contend may show that the department chairman and the administration arbitrarily ranked them low in comparison to other candidates. They also sought to compel the testimony of the department chairman on the subject of rankings. Real parties asserted the privilege for official information in accordance with Evidence Code section 1040, and Government Code section 6254.[1]

In *Shepherd,* a wrongful death action against a city and certain of its employees, the district attorney claimed absolute privilege, as afforded by Evidence Code section 1040, subdivision (b)(1),[2] on the ground that Government Code section 6254, subdivision (f), forbade the disclosure of documents in his possession.[3] The court held that Government Code

---

[1]Government Code section 6254, subdivision (c), exempts from disclosure "Personnel, medical, or similar files, the disclosure of which would constitute an unwarranted invasion of personal privacy."

[2]Evidence Code section 1040, subdivision (b), provides that "A public entity has a privilege to refuse to disclose official information, and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: [¶] (1) Disclosure is forbidden by an act of the Congress of the United States or a statute of this state; . . . ."

[3]Government Code section 6254, subdivision (f), at that time exempted from disclosure: "Records of complaints to or investigations conducted by, or records of

section 6254, had no application to any procedure not under that act (the California Public Records Act), and that the sole ground of privilege applicable under the circumstances of that litigation was the conditional privilege set forth in Evidence Code section 1040, subdivision (b)(2): " 'A public entity has a privilege to refuse to disclose official information [defined in subdivision (a) of the section as "information acquired in confidence by a public employee in the course of his duty and not open, or officially disclosed, to the public prior to the time the claim of privilege is made"], and to prevent another from disclosing such information, if the privilege is claimed by a person authorized by the public entity to do so and: . . . (2) Disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice; but no privilege may be claimed under this paragraph if any person authorized to do so has consented that the information be disclosed in the proceeding. In determining whether disclosure of the information is against the public interest, the interest of the public entity as a party in the outcome of the proceeding may not be considered.' " (*Shepherd* v. *Superior Court, supra,* 17 Cal.3d at p. 124.)

At the outset, the court in *Shepherd* noted that the conditional privilege, like the absolute privilege, is applicable only to " 'information acquired in confidence . . . .' (§ 1040, subd. (a).)" (*Shepherd* v. *Superior Court, supra,* at p. 124.) The court then undertook to advise trial courts of the procedure to be followed when the privilege for official information set forth in subdivision (b)(2) of section 1040 of the Evidence Code is asserted by a public entity in opposition to discovery. Under the procedure established in *Shepherd,* the trial court is first required to determine whether the information sought was " 'acquired in confidence,' " within the meaning of subdivision (a).[4] Then, if the court determines that the material was " 'acquired in confidence,' " it can be withheld under the provisions of subdivision (b)(2) *only upon a finding that . . . its disclosure would be 'against the public interest' within the meaning of that subdivision.* (P. 125, italics added.)

---

intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, and any state or local police agency, or any such investigatory or security files compiled by any other state or local agency for correctional, law enforcement or licensing purposes, . . ."

[4]The court in *Shepherd* noted that the statements given by defendant police officers to investigating authorities "would not be privileged under the conditional privilege set forth in subdivision (b)(2) of that section [Evid. Code, § 1040] because it was not 'information acquired in confidence' within the meaning of subdivision (a)." (P. 125.)

*Shepherd* set forth guidelines to be followed by the court in weighing the competing interests of litigants, the " 'necessity for disclosure in the interest of justice,' " and the " 'necessity for preserving the confidentiality of the [subject] information' " as follows: "Implicit in each assessment is a consideration of consequences—i.e., the consequences of the litigant of nondisclosure, and the consequences to the public of disclosure.[13] The consideration of consequences to the litigant will involve matters similar to those in issue in the determination of materiality and good cause in the context of Code of Civil Procedure section 1985, including the importance of the material sought to the fair presentation of the litigant's case, the availability of the material to the litigant by other means, and the effectiveness and relative difficulty of such other means. The consideration of the consequences of disclosure to the public will involve matters relative to the effect of disclosure upon the integrity of public processes and procedures . . . . In this respect the court should be fully aware that—in the words of the Assembly Committee on Judiciary—'the public has an interest in seeing that justice is done in the particular cause as well as an interest in the secrecy of the information.' (Comment, *supra*, final paragraph.)" (P. 126.)

Petitioners contend that the mandate that school teachers cannot be terminated in retaliation for the exercise of protected First Amendment activities (*Adcock* v. *Board of Education* (1973) 10 Cal.3d 60 [109 Cal.Rptr. 676, 513 P.2d 900]; *Bekiaris* v. *Board of Education* (1972) 6 Cal.3d 575 [100 Cal.Rptr. 16, 493 P.2d 480]) will be subverted if school officials are allowed to withhold, on the ground of privilege, evidence essential to the proof of a retaliatory motive. ■ We comprehend that petitioners have made a strong showing that the information sought is essential if the court is to make "an independent judicial determination of the ultimate question whether, in light of [the] facts, [petitioners were] dismissed not for the reasons stated . . . but rather because of official dissatisfaction with [their] exercise of constitutional rights." (*Bekiaris* v. *Board of Education, supra,* at p. 590; see also *Adcock* v. *Board of Education, supra,* at p. 66.) Unfortunately, however, the record is entirely devoid of any indication that the trial court engaged in the proper exercise of its discretion in the determination contemplated by Evidence Code section 1040, subdivision (b)(2). Assuming that the trial court determined that the material sought was "acquired in confidence" within the meaning of Evidence Code section 1040, subdivision (a), the court's one-sentence and one-word decisions denying petitioners' motions con-

"[13]See comment—Assembly Committee on Judiciary, *supra*, final paragraph . . . ."

tain no findings that disclosure would be "against the public interest" within the meaning of Evidence Code. section 1040,. subdivision (b)(2). This was the very defect found to exist in *Shepherd* (p. 125). We therefore agree with petitioners that the trial court did not comply with the principles established by *Shepherd,* which require trial courts, upon being confronted with a claim of conditional privilege under Evidence Code section 1040, subdivision (b)(2), to engage in the weighing process and, upon denying discovery, to make a finding that disclosure would be " 'against the public interest' " within the meaning of that subdivision (*Shepherd* v. *Superior Court, supra,* 17 Cal.3d at p. 125).[5] The matter must therefore be remanded to the trial court for such determination and finding.

Let a peremptory writ of mandate issue directing the trial court to undertake further proceedings in accordance with the views expressed herein.

Taylor, P. J., and Rouse, J., concurred.

---

[5]We find counsel's charge that the trial court violated the principles of *Shepherd* disconcerting in light of counsel's failure to inform the trial court of this "directly applicable" case. These appellate proceedings might well have been avoided had counsel fulfilled their obligation to provide the trial court with the controlling authority on the subject.